UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   ECF FILE

---

| | |
|---|---|
| TRUSTEES OF THE UNITED WIRE METAL AND MACHINE HEALTH & WELFARE FUND, UNITED WIRE METAL AND MACHINE PENSION FUND and the INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL UNION 810,<br>　　　　　　　　　　　　Plaintiffs,<br>　　　-against-<br><br>DEPENDABLE LITHOGRAPHERS, INC.<br>　　　　　　　　　　　　Defendant. | 05CVI7225 (LAP)<br><br>**COMPLAINT** |

---

Plaintiffs, Trustees of the United Wire Metal and Machine Health & Welfare Fund, United Wire Metal and Machine Pension Fund (hereinafter referred to as the "Funds") and International Brotherhood of Teamsters Local Union 810 (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

**JURISDICTION AND VENUE**

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502 (e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of

a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, Union dues, and/or reports to the Plaintiffs.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust Funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)).  The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)).  The Funds are an employee benefit plan within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).  Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Project Agreement, Participation Agreement or Collective Bargaining Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union.  The Funds are authorized to collect contributions from the Employers, and the Plaintiff Trustees, as fiduciaries of the Funds, are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 10 East 15th Street, New York, New York 10003, County of New York.

8. Local Union 810 is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in

Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Plaintiff Union maintains its offices and is administered at 10 East 15th Street, New York, New York 10003, County of New York.

10. Upon information and belief, the defendant, Dependable Lithographers, Inc. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York, with its principal place of business at 21-35 44th Road, Long Island City, New York, 11101.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Employer executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union.

13. The Agreement and/or Trust Indenture requires the Employer to submit contribution reports setting forth the amount of contributions due pursuant to the rates set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

14. Upon information and belief, the Employer has failed to remit fringe benefit contributions to the Welfare Fund in the sum of $25,410.00 for the period July 2004 through October 2004 and December 2004 through and including June 2005 and the Pension Fund in the sum of $1,820.00 for the period August 2004

3

through November 2004 and May 2005 through and including June 2005 plus interest, court costs, liquidated damages and attorney's fees.

15. The amounts stated in paragraph 14 above are due and owing to the Funds and are subject to audit by the Funds.

16. The Employer's failure, refusal or neglect to remit the proper contributions, reports and Union dues to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union insofar as the Funds are third-party beneficiaries.

17. As a result of the Employer's delinquency, the Agreement provides that the Employer may be required to pay, in addition to the delinquency, interest, liquidated damages, court costs and reasonable attorneys' fees.

18. Accordingly, the Employer is liable to Plaintiffs for unpaid fringe benefit contributions in the collective sum of $27,230.00. It is calculated that the Employer owes contributions to the Welfare Fund in the sum of $25,410.00 for the period July 2004 through October 2004 and December 2004 and including June 2005 and the Pension Fund the sum of $1,820.00 for the period August 2004 through November 2004 and May 2005 through and including June 2005, plus interest, liquidated damages, court costs and attorneys' fees.

**AS AND FOR A SECOND CLAIM FOR RELIEF**

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "18" of this Complaint as if fully set forth at length herein.

20. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreement and Trust Indentures.

21. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the

Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

22. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due, together with liquidated damages, reasonable attorneys' fees and costs and disbursements incurred in the action.

23. The failure to pay has injured the Funds and Union by delaying the investment of contributions and causing unnecessary administrative costs to the Funds and Union and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

24. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

25. Accordingly, the Employer is liable to Plaintiffs for contribution reports and fringe benefit contributions in the collective sum of $27,230.00. It is calculated that the Employer owes the Welfare Fund the sum of $25,410.00 for the period July 2004 through October 2004 and December 2004 through and including June 2005 and the Pension Fund the sum of $1,820.00 for the period August 2004 through November 2004 and May 2005 through and including June 2005, plus interest, liquidated damages, court costs and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

26. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 25" of this Complaint as if set forth at length herein.

27. Pursuant to ERISA, the Collective Bargaining Agreement and/or Trust Indenture, the Employer is required to timely submit current fringe benefit contributions, Union dues and reports to Plaintiffs.

28. Upon information and belief, the Employer has in the past failed to timely submit current fringe benefit contributions, union dues and reports to plaintiffs and is in breach of the statutory obligations under ERISA, the Collective Bargaining Agreement and Trust Indenture.

29. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "29" of this Complaint as if set forth at length herein.

31. The financial integrity of the plaintiff funds and the allocation of proper eligibility and credit to the members is determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from the Employer.

32. Plaintiff Funds have no adequate remedy at law to ensure that the Employer will adhere to their continuing statutory and contractual obligations.

33. The failure of the Employer to promptly remit reports and payment will cause plaintiffs immediate and irreparable injury unless the Employer and its' officers, agents and servants are enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to plaintiffs.

34. By reason of the foregoing, plaintiffs are entitled to a permanent injunction enjoining the Employer from any further or future violations of this or subsequent collective bargaining agreements with plaintiff Union, as such agreements apply to the obligation of Employer to plaintiffs herein

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant as follows:

On the First and Second Claims for Relief:

    (a) In the collective sum of **$27,230.00** for unpaid fringe benefit contributions to the Funds plus interest, liquidated damages, attorneys' fees calculated and court costs and disbursements as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

On the Third Claim for Relief:

    (b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages;

On the Fourth Claim for Relief:

    (d) A permanent injunction enjoining the Employer from violating the terms of this or successive Collective Bargaining Agreements and Declarations of Trust as they relate to the plaintiffs herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion; and

    (e) For such other and further relief as to the Court deems appropriate.

Dated:  Elmsford, New York
        August 10, 2005

                                  Respectfully submitted,

                                  BARNES, IACCARINO, VIRGINIA,
                                  AMBINDER & SHEPHERD, PLLC

                                  <u>S/Karin Arrospide</u>
                                  Karin Arrospide (KA9319)
                                  Attorneys for Plaintiffs
                                  258 Saw Mill River Road
                                  Elmsford, New York 10523
                                  (914) 592-1515